UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRUCE MICHAEL FOGG
and
CHERYL LYNN FOGG,

        Debtors.

Case No. 09-79531-TJT

Chapter 13

Judge Thomas J. Tucker

_____

**OPINION SUPPLEMENTING MAY 24, 2011 PROTECTIVE ORDER
(GRANTING IN PART AND DENYING IN PART
JPMORGAN CHASE BANK, N.A.'S MOTION FOR PROTECTIVE ORDER)**

    On May 24, 2011, the Court entered an order granting in part, and denying in part, the motion filed by JPMorgan Chase Bank, N.A. ("Chase") for a protective order. (Docket # 115, the "Protective Order"). This opinion supplements that Protective Order.

    In the Protective Order the Court cited, as authority for the relief granted, Fed.R.Civ.P. 26(c) and 45(c), made applicable herein by Fed.R.Bankr.P. 9014(c) and 9016; Fed.R.Bankr.P. 9018; and 11 U.S.C. §§ 105(a) and 107(b)(1). The Court found that there was good cause, and that justice required, that the Court grant Chase the relief contained in the Order.

    In so finding, and in exercising its discretion to grant the relief it did, the Court found that "Chase has a legitimate interest in its desire to ensure that no person gains any competitive advantage as a result of the use of trade secret, proprietary or other confidential commercial information that is disclosed in response to the Discovery Requests submitted in this case." The United States Trustee ("UST") has not contested this proposition.

    The UST advocated for a protective order that would allow it to share all confidential documents and information it receives from Chase with essentially anyone in the federal government – any employee of any United States Trustee in the country; anyone in the country who works for the Department of Justice, and anyone in the country who works for any other federal government agency or entity. This, of course, encompasses many thousands of people. In fairness, it should be noted that the UST also proposed that the protective order require any

federal governmental agency receiving Chase's confidential documents or information, other than the Justice Department, to execute a specified confidentiality agreement.

Despite this proviso in the UST's proposal, the Court believes that it would be unwise and unfair to Chase to allow the possibility that any one of many thousands of unnamed federal employees across the country could obtain access to Chase's confidential documents and information. That is an extraordinarily large group for a protective order, at least for any protective order designed to actually work in protecting anything. Allowing such a large group would unduly and greatly increase the risk of an improper leak or disclosure, and resulting use, of Chase's trade secrets and proprietary or other confidential commercial information. That, in turn, would increase the risk of injury to Chase in the marketplace in which it competes. And if the Court did open the possible audience for Chase's confidential commercial information and documents to any of the many thousands of federal government employees around the country, that would make it very difficult, and perhaps impossible, as a practical matter, to control and monitor compliance with the protective order.

Balanced against this, the Court has weighed whether the UST has articulated or demonstrated a legitimate need for such a broad potential audience for Chase's confidential commercial information and documents. The UST clearly has not done so. It has not articulated or shown (1) who, specifically, it should be permitted to share the discovery with (other than those allowed by the May 24 Protective Order); or (2) what legitimate reason there is, relevant to the mission of the UST (or to the mission of any other federal agency, for that matter,) why the UST should be permitted to share the discovery with those specific persons or agencies.

The solution chosen by the Court, and reflected in the May 24 Protective Order, is to limit who the UST can share Chase's confidential documents and information with, but to build in flexibility, by allowing disclosure to the following persons:

    a. The United States Trustee's counsel of record in this case, their supervisors including Marion Mack, Jr., and their staff in this case to the extent such staff

2
09-79531-tjt    Doc 118    Filed 05/27/11    Entered 05/27/11 18:53:39    Page 2 of 4

persons reasonably need access to such Confidential Material for purposes of determining issues in this case;

b. Persons testifying as witnesses at a deposition, hearing, or trial in this case, or persons questioned by the parties, but only if the person disclosing or revealing the information has a good faith basis to believe that the person to whom such Confidential Material is disclosed has previously had authorized access to the document or has relevant knowledge concerning the document;

c. The Court, persons employed by the Court, court reporters and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case, or any appeal therefrom;

d. Such other persons as Chase has agreed to in writing;

e. The United States Trustee for Region 9 (currently Daniel M. McDermott); the Director of the Executive Office of the United States Trustee program (currently Clifford J. White III); and the Attorney General of the United States; and

f. **Any other specific person(s) that this Court designates in a future order, based on a particularized showing of good cause, which order Chase, the United States Trustee, or any other entity may request by filing a motion in this case, with notice to Chase and the United States Trustee.**

(Protective Order, ¶ 14 (emphasis added)). In addition, the Court's Protective Order makes clear that the UST can share Chase's confidential documents and information with the appropriate United States Attorney, if it is necessary to do so to comply with the UST's duties under 28 U.S.C. § 586(a)(3)(F). (*Id.* at ¶ 17). The Protective Order also broadly allows the UST to comply with any disclosure obligation imposed on the UST by law. (*See id.* at ¶ 16).

In the Court's view, this approach is fair to both Chase and the UST, and is sensible and practical. It gives the UST the ability to share the discovery it obtains in this case with all the persons necessary to enable the UST to perform its duties in this case. And the Court's approach

builds in flexibility, *e.g*., in ¶ 14(f) quoted above, to allow the UST to ask the Court at a later date, after it obtains and digests the discovery it receives from Chase, to broaden the group the UST may share the documents and information with, if the UST can articulate and show a good, particular reason to do so.  Similarly, ¶ 30 of the May 24 Protective Order explicitly gives the UST and Chase, or any other entity, the opportunity to ask this Court to modify any provision of the Protective Order in the future, on motion and for good cause shown (*i.e.,* if there is a good reason to do so.)

        The Court further believes that all of the terms of the Protective Order are reasonable, and strike a fair and appropriate balance between the competing needs and interests of the UST and Chase.

**Signed on May 27, 2011**　　　　　　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**